IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:03-CR-298-BO

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MARQUETTE JOYCE DEW CURRY | ) | |

This matter is before the Court on defendant's motion for early termination of his term of supervised release. [DE 31]. The government has responded in opposition [DE 32], and the matter is ripe for ruling.

After pleading guilty to one count of possession of at least fifty (5) grams or more of cocaine base (crack) and more than five hundred (500) grams of marijuana, defendant was sentenced on November 10, 2004, to a term of 151 months' imprisonment followed by a term of five years' supervised release. [DE 12, 13]. In May 2009, defendant's term of imprisonment was reduced to 130 months. [DE 23]. Defendant began his term of supervised release in January 2013. Defendant now seeks early termination of his supervised release term, which is scheduled to end in January 2018. Defendant argues, among other reasons, that he has had not failed a single drug screen, has complied with visitations and curfew, maintained work, and is fully rehabilitated. [DE 31].

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant" after the defendant has served one year of supervised release provided that certain conditions are met. First, the Court must consider certain factors set forth in 18 U.S.C. § 3553(a). Second, the Court may terminate supervised release only "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of

justice." § 3583(e)(1); *see also United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("The conjunction 'and' used in the statute . . . clearly indicates that a district court must conclude that the early termination of supervised release is warranted by both the individual's conduct and also by the interest of justice.").

While the Court commends defendant for his behavior while on supervised release, all defendants are required to comply fully with the terms of their supervised release, and such compliance is insufficient to warrant early termination. *See Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010) (collecting cases). Upon review of defendant's motion and consideration of the relevant § 3553(a) factors, the Court finds that defendant's supervised release term remains sufficient but not greater than necessary to serve the interests of justice. Accordingly, in its discretion, the Court declines to terminate defendant's term of supervised release early.

Defendant's motion is DENIED. [DE 31].

SO ORDERED, this 25 day of July, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE